**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV474-H**

| | |
|---|---|
| JERRY RUSHING, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TIME WARNER, INC., WARNER BROS. ) <br> ENTERTAINMENT, INC., WARNER BROS. ) <br> TELEVISION PRODUCTIONS, INC., and ) <br> VILLAGE ROADSHOW PICTURES ) <br> ENTERTAINMENT, INC., ) <br> ) <br> Defendants. ) <br> ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the "Plaintiff's Motion to Strike" (document #11) and "Memorandum ... in Support ..." (document #12), both filed January 24, 2006; and the Defendants' "Memorandum ... in Opposition ..." (document #16) filed February 10, 2006.

On February 23, 2006, the Plaintiff filed his Reply (document #18).

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and the Plaintiff's motion is now ripe for determination.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>grant</u> the Plaintiff's "Motion to Strike," as discussed below.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On November 14, 2005, the Plaintiff, Jerry Rushing, filed his Complaint alleging that the Defendants had infringed his copyright in his life story when, on August 5, 2005, they released *The Dukes of Hazzard* feature film in movie theaters, and that they would again infringe his copyright when they released the film on DVD on December 6, 2005.

Specifically, the Plaintiff alleges that *The Dukes of Hazzard* film, as well as the prime time television series of the same name that was broadcast in the 1970s and 1980s, were based on his life and the lives of "his family, friends, acquaintances, and adversaries" in Union County, North Carolina. Complaint at 3 (document #1). It is undisputed that the Defendants or their predecessors in interest paid the Plaintiff a royalty for each episode of *The Dukes of Hazzard* series, in exchange for which the Plaintiff signed a "Release."

On January 6, 2006, the Defendants filed their Answer, which includes 21 Affirmative Defenses, most notably the Release, which the Defendants contend is a complete bar to the Plaintiff's claims. The Defendants also raised the defenses of laches (Eleventh Defense) and any applicable statutes of limitation and repose (Sixteenth Defense).

On January 17, 2006, the Plaintiff filed his Motion to Strike the Defendants' laches and statutes of limitations and repose defenses, contending that even at this early stage in the proceedings, undisputed facts establish that these defenses must fail.

In their Memorandum in Opposition, the Defendants concede that if the Plaintiff's claims are based only on the feature film and DVD, then these defenses are inapplicable, but contend that to the extent the Plaintiff is basing his claims on other Dukes of Hazzard products, such as a Saturday morning cartoon series and two made-for-television movies that were broadcast in the 1980s, the defenses are valid.

In his Reply, the Plaintiff expressly states that his claims are based on "*The Dukes of Hazzard* theatrical motion picture." Document #18 at 1.

The Plaintiff's Motion has been fully briefed as set forth above and is, therefore, ripe for determination.

2

## II. DISCUSSION OF CLAIMS

Federal Rule of Civil Procedure12(f) provides that "[u]pon motion made by a party ... the court may order stricken from any pleading, any insufficient defense." See also Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 348 (4th Cir.2001) ("defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted"), citing 5C Fed. Prac. & Proc. Civ. 3d §1381, Wright & Miller; and Akeva L.L.C. v. Mizuno Corp., 199 F.Supp.2d 336, 337, n.2 (M.D.N.C. 2002) (motion to strike may be granted as to defenses that are "insufficient ... redundant, immaterial, impertinent, or scandalous"). "The purpose of a Rule 12(f) motion to strike is to avoid the waste of time and money that arises from litigating unnecessary issues." Simaan, Inc. v. BP Products North America, Inc., 395 F.Supp.2d 271, 278 (M.D.N.C. 2005), citing Buser v. Southern Food Serv., Inc., 73 F.Supp.2d 556, 559 (M.D.N.C. 1999). Accord Federal Deposit Ins. Corp. v. British-American Corp., 744 F. Supp.116 (E.D.N.C. 1990) (striking statute of limitations defense under Fed. R. Civ. Pro. 12(f), where it was undisputed complaint filed within applicable time period).

The parties agree that the appropriate statute of limitations/repose is the limitations period contained in 17 U.S.C. §507(b), which mandates a three-year statute of limitations for civil copyright infringement actions. Accordingly, and as the Defendants concede, where the Plaintiff's claims are based entirely on a movie that was released 111 days before this lawsuit was filed, their statutes of limitations and repose defense is clearly insufficient.

Concerning the other affirmative defense that is the subject of the present Motion, the Fourth Circuit Court of Appeals has held that the equitable doctrine of laches does not apply in the context of a copyright infringement action that was brought within the applicable limitations period. Lyons

Partnership, LP v. Morris Costumes, Inc., 243 F.3d 789, 797 (4th Cir. 2001) ("in connection with the copyright claims ... courts cannot bar claims [under laches] that are brought within the legislatively prescribed statute of limitations").

For these reasons, the Plaintiff's Motion to Strike must and will be granted.

### III. ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1. The "Plaintiff's Motion to Strike" (document #11) is **GRANTED**, and the Defendants' Eleventh (Laches) and Sixteenth (Statutes of Limitations and Repose) Affirmative Defenses are **STRICKEN** from the Defendants' Answer.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED.**

Signed: March 1, 2006

Carl Horn, III
United States Magistrate Judge